| | |
|---|---|
| 1 | DAVID L. ANDERSON (CABN 149604)<br>United States Attorney |
| 2 | |
| 3 | HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division |
| 4 | DANIEL PASTOR (CABN 297948)<br>Assistant United States Attorney |
| 5 | |
| 6 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495 |
| 7 | Telephone: (415) 436-6778<br>FAX: (415) 436-6982 |
| 8 | daniel.pastor@usdoj.gov |

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 20-71109-MAG |
| Plaintiff, | ) ) | **STIPULATION TO CONTINUE DETENTION HEARING AND PRELIMINARY HEARING** |
| v. | ) ) | **DATES; [PROPOSED] ORDER** |
| ALEJANDRO DORADO, | ) ) | |
| Defendant. | ) ) ) | |

On August 12, 2020, the Court conducted an initial appearance for Alejandro Dorado, who stands charged by Complaint with possession with intent to distribute or distribution of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(viii). The government moved for pretrial detention, and a detention hearing is presently scheduled for August 17, 2020.

The defendant is currently in a 14-day COVID-19 quarantine at Santa Rita Jail. Pretrial services is unable to conduct an interview of the defendant until he is out of quarantine. The defendant requires time to consult with his attorney and to prepare for the detention hearing. The parties are also engaged in discussions about the possibility of a pre-Indictment resolution to this matter, but the government has

1  not yet had the opportunity to produce discovery to the defendant.

2  Therefore, the parties hereby stipulate and agree:

3  1. The detention hearing scheduled for August 17, 2020, should be reset to August 28, 2020, at 10:30 a.m. before the duty magistrate judge.  There is "good cause" for such a continuance. 18 U.S.C. § 3142(f)(2).

6  2. The government's detention motion remains pending, so time is excluded under the Speedy Trial Act through August 28, 2020. 18 U.S.C. § 3161(h)(1)(D).  In addition, the time between now and August 28, 2020, should be excluded under the Speedy Trial Act because failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  The ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases.  *See id.* § 3161(h)(7)(A).

14 3. Taking into account the public interest in the prompt disposition of criminal cases, there is good cause to extend the time limits under Federal Rule of Criminal Procedure 5.1(d) due to the defendant's unavailability and the parties' continuing discussion of a pre-Indictment resolution of this matter.  Accordingly, the time period of August 14, 2020, to September 4, 2020, inclusive, should be excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b).

20  IT IS SO STIPULATED.

22  DATED:  August 14, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

        /s/
DANIEL PASTOR
Assistant United States Attorney

27  DATED:  August 14, 2020

        /s/
BRUCE FUNK
Counsel for Defendant Alejandro Dorado

| | |
|---|---|
| 1 | **[PROPOSED] ORDER** |

2  Based upon the facts set forth in the stipulation of the parties and for good cause shown, the time
period of August 14, 2020, to September 4, 2020, inclusive, is excluded in computing the time within
which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions
of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

   The Court finds that exclusion from the time limits applicable under 18 U.S.C. § 3161 (the
Speedy Trial Act) for the period from August 14, 2020, through August 28, 2020, is warranted because
the government's detention motion remains pending.  18 U.S.C. § 3161(h)(1)(D).  The Court further
finds that the ends of justice served by the continuance outweigh the best interests of the public and the
defendant in the filing of an information or indictment within the time period set forth in 18 U.S.C.
§ 3161(b).  18 U.S.C. § 3161(h)(7)(A).  A failure to grant the requested exclusion and continuance
would also unreasonably deny defense counsel the reasonable time necessary for effective preparation,
taking into account the exercise of due diligence.  § 3161(h)(7)(B)(iv).

   The detention hearing previously scheduled for August 17, 2020, is continued to August 28,
2020 at 10:30 a.m. before the duty magistrate judge. The preliminary hearing or arraignment on
information or indictment in this matter is set for 10:30 a.m. on September 4 before the duty magistrate
judge.

   PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  8/14/2020

HON. THOMAS S. HIXSON
United States Magistrate Judge